IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY ZENONE #32178-037          :

        Petitioner          :

    v.          :          CIVIL ACTION NO. L-11-843

WARDEN          :

        Respondent          :

## MEMORANDUM

Pending is Anthony Zenone's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, as supplemented. ECF Nos. 1 and 3. Respondent contends the Petition is untimely (ECF No. 5), and Petitioner has responded thereto ECF No. 7. After careful review of the pleadings, exhibits, and applicable law, the Court will dismiss the Petition as untimely.

### Procedural Background

Petitioner pleaded guilty to first-degree murder in the Circuit Court for Baltimore County and on February 26, 1998, was sentenced to life imprisonment. ECF No. 1 at 5 and ECF No. 3 at 1-2. Petitioner did not seek leave to appeal the entry of the guilty plea and sentence.[1]

On January 28, 2008, Petitioner initiated post-conviction relief in the Circuit Court for Baltimore County. ECF No. 5, Exhibit 1 at 7. Post-conviction relief was denied on December 9, 2008. Petitioner's application for leave to appeal the denial of post-conviction relief was summarily denied by the Court of Special Appeals of Maryland on May 4, 2010, with the court's mandate issuing on June 3, 2010. Id., Exhibit 3.

---

[1] See Md. Code Ann., Cts. & Jud. Proc. Art. § 12-302 (e) and Md. Rule 8-204(b) (application for leave to appeal must be filed within 30 days after entry of judgment).

**Allegation Presented**

Petitioner seeks to attack his conviction based on the credibility of Joseph Kopera, the firearms expert who testified at his trial.[2] In support, he has submitted a letter from Jason G. League, Assistant State's Attorney for Baltimore County, dated July 17, 2007, which states that Kopera misrepresented his educational background.[3] Petitioner alleges the letter constitutes newly discovered evidence and demonstrates violation of the Due Process Clause as well as the Fourteenth, Fifth and Sixth Amendments. ECF No. 1. Limiting his claim solely to an attack on his conviction based on Joseph Kopera's testimony, Petitioner filed the instant petition for federal habeas corpus relief on March 23, 2011.[4]

---

[2] ECF No. 3 at 5-6.

[3] The text of the letter reads:

> Recent events have called into question the credibility of Joseph Kopera. Mr Kopera was an expert in firearms and tool mark analysis. It has been confirmed that Mr. Kopera misrepresented his educational background….
>
> The State is passing this information on to you so that you may take any action you or your counsel deem appropriate. The State is taking no further action at this time.

ECF No. 1, Attachment.

[4] The Petition, dated March 23, 2011, was received for filing on March 31, 2011. It is deemed filed on the date it was delivered to prison authorities, presumably on the date Petitioner signed it. See United States v. Dorsey, 988 F.Supp. 917, 919-20 (D. Md. 1998) (prison mail-box rule applicable to habeas corpus petition).

**Limitations Period**

A one-year statute of limitations applies to §2254 petitions. See 28 U.S.C. § 2244(d).[5] This period is tolled while properly filed state proceedings are pending and may otherwise be equitably tolled. See 28 U.S.C. §2244(d)(2); Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

The Petition appears to be untimely filed if analyzed under 28 U.S.C. § 2244(d)(1)(A), which begins the one-year limitations period from the date on which the "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." [6] Id. In light of the July 17, 2007, correspondence Petitioner received from the Assistant State's Attorney concerning Joseph Kopera, the Court will also examine whether the limitations period should run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." See 28 U.S.C. § 2244(d)(1)(C).

---

[5] The provisions pertinent to this case provide:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * * * * *
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[6] Under this analysis, Petitioner's conviction became final on March 30, 1998, when the time for seeking leave to appeal the guilty plea expired. See Md. Rule 8-204(b). Consequently, the limitations period under 28 U.S.C. §2244(d) started to run on March 31, 1998, and expired one year later on March 30, 1999. There were no state post-conviction proceedings pending in Petitioner's case between March 30, 1999 and January 28, 2008 (a period of nearly 19 years).

**Discussion**

Petitioner attempts to circumvent the limitations period by demonstrating that he did not learn of Kopera's misrepresentation until he received the State's Attorney's letter on July 20, 2007.  ECF No. 1 and ECF No. 3 at 5.  The Court notes that once Petitioner received the letter, an additional 191 days – until January 28, 2008 -- lapsed before state post-conviction relief was initiated.  Once state post-conviction review was completed, Petitioner waited an additional 293 days (for a total of 484 days) before presenting his single-claim Petition here.

In order to be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by Respondent contributed to the delay in filing the post-conviction petition, or that circumstances that were beyond his control caused the delay.  See Rouse v. Lee, 339 F. 3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d at 330.  "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  Id.  Nothing in the record suggests that some extraordinary circumstance prevented Petitioner from promptly seeking state post-conviction relief once he received the State's Attorney's letter, or from filing the instant action immediately after state post-conviction relief was foreclosed by the denial of leave to appeal.  See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Rouse, 339 F.3d at 246.  To the extent delay might be attributed to Petitioner's lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling.  See  United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Petitioner has no absolute entitlement to appeal a district court's denial of his motion.  See 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the

applicant has made a substantial showing of the denial of a constitutional right." Id. at §2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless Petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rouse v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)). Petitioner has failed to demonstrate entitlement to a COA.

## Conclusion

Petitioner has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief are time-barred. For the reasons stated herein, the Court will dismiss the Petition and deny issuance of a Certificate of Appealability. A separate Order follows.

Dated this 21st day of September 2011.

                /s/
                _____
                Benson Everett Legg
                United States District Judge